## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SIMONE DICKSON,                           *

    **Plaintiff,**                       *

v.                                        *              **Civ. No. DLB-23-899**

MATTHEW PEARSON,                          *

    **Defendant.**                       *

## MEMORANDUM ORDER

Self-represented plaintiff Simone Dickson filed complaint in this Court on April 3, 2023. ECF 1.  Dickson failed to either pay the filing fee or file a motion to proceed in forma pauperis, but, because the case must be dismissed for the reasons outlined below, this oversight need not be corrected.

The allegations in the complaint include, in their entirety, that the defendant Matthew Pearson "m[a]nipulated [a] court to postpone garnishment and disputes that are on file and conspiracy to all charges [sic]"; that he "owes land and houses especially brown stone in 'Harlem'"; and that he "used [her] DNA for unconsented research for HIV meds like AZT and I didn't consent to that[;] he has people steal and generate medicines for production without contract."  ECF 1, at 5.  The complaint does not include any further detail or more coherent explanation.  The only information provided regarding the defendant is that is he a citizen of "NYS/Virginia," England, and "Harlem (Sugar Hill)."  *Id*. at 3.

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).  A claim "is frivolous where it lacks

an arguable basis either in law or in fact," as the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as noted in Quartey v. Obama*, No. PJM-15-567, 2015 WL 13660492, at *1 (D. Md. Mar. 4, 2015). Pursuant to § 1915(e)(2)(B), the Court has an "unusual power" that exceeds its authority under Rule 12(b)(6). *Id.* at 327. The Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," such as when "claims describ[e] fantastic or delusional scenarios." *Id.* at 327–28.

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

Dickson did not prepay the filing fee, but even if she had, this Court has the inherent authority to dismiss a complaint *sua sponte* if the allegations are frivolous. *See Mallard v. U.S. Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307–08 (1989) (noting court's authority to dismiss frivolous claims "even in the absence of [a] statutory provision"); *Smith v. Kagan*, 616 F. App'x

90 (4th Cir. 2015) (unpublished) (mem.) ("Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (same); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (same); *Smith v. U.S. Dep't of Def.*, No. ELH-21-1836, 2021 WL 3367821, at *1 (D. Md. Aug. 3, 2021); *Ausar-El v. Hogan*, No. PJM-19-3040, 2020 WL 1187139, at *1 (D. Md. Mar. 11, 2020).

Because Ms. Dickson's complaint, even when it is construed liberally, fails to provide any information that might lead to a reasonable conclusion that she has some plausible cause of action, it shall be dismissed pursuant to § 1915(e)(2) and this Court's inherent authority.

Accordingly, it is this 28th day of July, 2023, by the United States District Court for the District of Maryland, hereby ordered:

1.   The Complaint is DISMISSED;

2.   The Clerk SHALL SEND a copy of this Memorandum Order to Dickson; and

3.   The Clerk SHALL CLOSE this case.

_____
Deborah L. Boardman
United States District Judge